IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. DAVIS,

                              Plaintiff,

          v.                                    CASE NO. 06-3337-SAC

CAROL J. BACON, et al.,

                              Defendants.


                        O R D E R

     Plaintiff, a prisoner incarcerated in a Kansas correctional
facility, proceeds pro se and in forma pauperis on a complaint filed
under 42 U.S.C. § 1983.   Plaintiff seeks damages for alleged
constitutional violations by state district court and appellate
public defenders involved in plaintiff's 1988 state criminal
proceeding and appeals therefrom.

     The court reviewed plaintiff's complaint, 28 U.S.C. § 1915A,
and found it substantially mirrored a previously filed complaint in
which plaintiff asserted the same or similar claims against the same
defendants, Davis v. Bacon, Case No. 06-3132-SAC.   In June 2006 the
court dismissed that earlier filed action as stating no claim for
relief, and recently denied all post-judgment motions plaintiff
filed in that matter.

     By an order dated December 20, 2006, the court directed
plaintiff to show cause why the instant complaint should not be
summarily dismissed as a frivolous and malicious duplicative

filing.[1]  See 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).  *See also* <u>McWilliams v. State of Colo.</u>, 121 F.3d 573, 575 (10th Cir. 1997)(affirming dismissal of duplicative suit as frivolous).

In response, plaintiff contends his allegations are sufficient to state a claim for relief under 42 U.S.C. § 1983 against the named defendants, and contends he is entitled to service of summons on each defendant.  The court addressed and rejected both contentions in plaintiff's earlier filed complaint.

Because plaintiff does not address why his current attempt to relitigate duplicative claims should be allowed to proceed, the court concludes this matter should be dismissed as frivolous and malicious.  Plaintiff is advised the dismissal is subject to being counted as a "strike" under 28 U.S.C. § 1915(g).[2]

The court notes plaintiff's stated intent to appeal if the court dismisses the complaint.  (See Doc. 5, p.6, ¶ 12.)  Given plaintiff's clear intent to appeal the final order and judgment of dismissal entered herein on this date, the court does not liberally construe plaintiff's stated intention as a premature notice of

---

[1]*See also* <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)(doctrine of res judicata precludes relitigation of claims that were, or could have been, litigated in a prior action).

[2]28 U.S.C. § 1915(g) states:
"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal.[3]  Plaintiff is reminded that the timely filing of a notice of appeal from the final order and judgment entered in this matter will obligate plaintiff to prepay the full $455.00 filing fee for such an appeal, or to pay the full appellate filing fee over time through automatic payments from plaintiff's inmate trust fund account if plaintiff is granted leave to proceed in forma pauperis in the appeal.  *See* 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that the complaint is dismissed as legally frivolous.

**IT IS SO ORDERED.**

DATED:  This 3rd day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3]While Rule 4(a)(2) of the Federal Rules of Civil Procedure provides for a premature notice of appeal to ripen upon entry of a subsequent final judgment, Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645-46 (10th Cir. 1988)(en banc), such a notice extends only to those orders in existence at the time the notice of appeal was filed, Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 846 (10th Cir. 1992).  The filing of a final order "does not automatically effectuate the appeal of every judgment or order rendered in the entire case."  Id.  A second or amended notice is necessary to preserve the final adjudication for review.